**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **SHAWN MALONEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-2238-JWB |
| | ) | |
| **AQUENT, LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED PROTECTIVE ORDER

The parties agree during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because Plaintiff has asserted claims of retaliation (against Defendant Aquent LLC) and tortious interference with an employment relationship and business expectancies (against Defendants Audi of America, Inc., Taylor Headley, and Mary Burger). Documents produced in this case may contain confidential employment, personal, medical, and/or financial information regarding Plaintiff or the individual Defendants. Plaintiff and the individual Defendants have a privacy interest in certain confidential employment, personal, and financial information, the disclosure of which could unduly embarrass or annoy Plaintiff or the individual Defendants to have disclosed to the public. In addition, confidential business records, employment, or financial information regarding current and/or former employees, clients, or

vendors of Defendants Aquent and Audi may also be produced in this case.  Public disclosure of private personnel information of employees not a party to this matter could expose Defendants Aquent and Audi to legal claims regarding the privacy of same and/or result in adverse consequences for former employees at future employers.  Public disclosure of trade secrets or other confidential/proprietary business and financial information of Defendants Aquent or Audi or regarding their clients or vendors could irreparably harm their ability to be competitive in their markets and there is actual and imminent potential for such disclosure to affect their ability to operate long term.  This Order would facilitate the exchange of information among the parties.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request for Protective Order and hereby enters the following Protective Order:

1.      **Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.      **Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside this litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties.  For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

·   Personnel files and other employment files relating to Plaintiff and Defendants'

2

current or former employees' employment files including records on performance, discipline, or other matters where the employee may have an expectation of privacy;

· Personally Identifiable Information, including social security numbers, bank or other financial account information, and dates of birth of Plaintiff and current or former employees of Defendants;

· Medical information of Plaintiff, and current and/or former employees of Defendants;

· Proprietary, organizational or other confidential business records, including records created by Defendants, and/or records relating to or from customers or clients of Defendants;

· Financial and/or tax records of Plaintiff and Defendants to the extent they are discoverable;

· Documents related to any of Defendants' trade secrets; and

· Records whose disclosure are restricted or prohibited by statute, binding agreement, or otherwise.

Information or documents that are available to the public may not be designated as Confidential Information. The identification of a document or category of documents above shall not be construed as an agreement as to the relevance or discoverability of the document(s) by the party in possession.

**3.** **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter, "the marking") on every page of the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated

documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party thereby certifies that the document contains Confidential Information as defined in this Order.

4. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order and may be cured by providing written notice thereof to counsel for the receiving party. Upon receipt of such notice, counsel shall immediately take action to maintain and restrict the use of such information in accordance with the terms of this Protective Order.

5. **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within 30 days following receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6. **Protection of Confidential Material.**

(a) **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals or any other related legal proceeding brought by one of the parties to this litigation.

(b) **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

(1) The parties to this litigation, including any employees, agents, board members, and representatives of the parties;

(2)     Counsel for the parties and employees and agents of counsel;

(3)     The court and court personnel, including any special master appointed by the court, and members of the jury;

(4)     Court reporters, recorders, and videographers engaged for depositions;

(5)     Any mediator appointed by the court or jointly selected by the parties;

(6)     Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, provided the expert witness, outside consultant, or investigator is first informed of his or her duty to maintain the confidentiality of the Confidential Information, and agrees to be bound by this Order;

(7)     Any potential, anticipated, or actual fact witness, deponent, or interviewee and/or his or her counsel, but only to the extent such confidential documents or information will assist the person in recalling, relating, or explaining facts or information or in testifying, or to the extent counsel has a good faith belief that the person should be provided access to such information in order for counsel to more effectively prosecute or defend this case, and provided the person is first informed of his or her duty to maintain the confidentiality of the Confidential Information;

(8)     The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10)    Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)     Control of Documents.**  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.

7.     **Filing of Confidential Information.**   If a party seeks to file any document containing Confidential Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure,

such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.  If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.  Pro hac vice attorneys must obtain sealed documents from local counsel.

8.      **Challenges to a Confidential Designation.**  If the non-producing party believes documents produced by the producing party should be marked Confidential pursuant to this Order, the non-producing party can designate the documents as Confidential within 14 days of the production and produce them with the appropriate markings.  The parties shall then use the version of the documents marked Confidential from that point forward.

The designation of any material or document as Confidential Information is subject to challenge by any party.  Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith with the designating party to attempt to resolve the objection informally without judicial intervention.  A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge; the parties are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion, but such a conference is not mandatory.  The burden of proving the necessity of a confidentiality designation

remains with the party asserting confidentiality.  Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

        **9.**      **Use of Confidential Documents or Information at Trial or Hearing.**  Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information.  The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

        The parties do not waive any right to object at trial to the admissibility of any document that falls under the scope of this Order, or portion thereof, or the right to file a motion *in limine* regarding the use of any such documents.

        **10.**     **Obligations on Conclusion of Litigation.**

        **(a)**      **Order Remains in Effect.**  Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

        **(b)**      **Return of Confidential Documents.**  After this litigation concludes by settlement, final judgment, or final order, including all appeals, the parties' respective counsel shall, upon written request of the other party, destroy by shredding or return all confidential documents, including all copies of the same, to the counsel of record of the party that produced that document.  The parties and their counsel retain the right to keep any confidential documents that were admitted as exhibits in this case, as well as all pleadings, briefs, memoranda, motions and other documents containing their work product that refer to or incorporate any documents that fall under the scope of this Order.

(c)      **Retention of Work Product.**  Notwithstanding the above requirements to return or destroy documents, counsel for the parties retains the right to keep a copy of all confidential documents as part of the client file to the extent required by any rule of professional conduct.  This work product will continue to be confidential under this Order.  An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

11.     **Order Subject to Modification.**  This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12.     **Enforcement of Protective Order.**  Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

13.     **No Prior Judicial Determination.**   This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

14.     **Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

15.     **Applicability to Parties Later Joined.**  If additional persons or entities become

parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

16.     **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

17.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, identifying the Confidential documents and/or information contained in Confidential documents sought, and provide the producing party a copy of the subpoena or order, if requested. If the producing party objects to the production of the documents, the party shall not produce any Confidential documents without agreement of the producing party or a court order.

The receiving party also must inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control

Confidential Information designated by the other party to this case.

**18.    Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.**  Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date.  Any party receiving any such information or document later designated as privileged or work product must return it upon request to the producing party or segregate and not use such information until any ruling by the Court if a claim of privilege or work product is disputed. If the privileged nature or inadvertent disclosure of the document is challenged, the Parties shall confer on the issue and may seek assistance from the Court to compel return of documents and/or resolve disputes.  Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.  Although the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

Dated September 30, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

Dated: September 30, 2021

/s/ Sarah A. Brown
Sarah A. Brown, #12130
Brown & Curry, LLC
1600 Genessee Street, Suite 956
Kansas City, MO 64102
Telephone: (816) 756-5458
Fax: (816) 666-9596
sarah@brownandcurry.com

Anthony E. LaCroix, KS #24279
LaCroix Law Firm, LLC
1600 Genessee Street, Suite 956
Kansas City, MO 64102
Telephone: (816) 399-4380
Fax: (816) 399-4380
tony@lacroixlawkc.com

**ATTORNEYS FOR PLAINTIFF**

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

/s/ Alyssa M. Sediqzad
Robert Rojas, #25807
Direct: 816.627.4437
E-Fax: 816.817.2867
rrojas@littler.com
Alyssa M. Sediqzad, #27258
Direct: 816.627.4442
E-Fax: 816.817.8031
asediqzad@littler.com
LITTLER MENDELSON P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106

**ATTORNEYS FOR DEFENDANTS**
**VOLKSWAGEN GROUP OF AMERICA,**
**INC. d/b/a AUDI OF AMERICA, INC.,**
**TAYLOR HEADLEY AND MARY**
**BURGER**

/s/ Katherine Pearlstone
Katherine Pearlstone #27657
kat.pearlstone@huschblackwell.com
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: 816.983.8344
Facsimile: 816.983.8080

Daniel B. Klein (admitted *pro hac vice*)
dklein@seyfarth.com
Jennifer B. McGovern (admitted *pro hac vice*)
jmcgovern@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
Telephone: 617.946.4800
Facsimile: 617.946.4801

**ATTORNEYS FOR DEFENDANT**
**AQUENT, LLC**